UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VITOR KASNECI,

    Petitioner,

vs.                                                                      Case No. 12-12349

Director, BUREAU OF IMMIGRATION           HON. AVERN COHN
AND CUSTOMS ENFORCEMENT,
Director, CUSTOMS AND BORDER
PROTECTION, and DEPARTMENT
OF HOMELAND SECURITY,

    Respondents.

_____/

**MEMORANDUM AND ORDER**
**DENYING PETITIONER'S EMERGENCY MOTION FOR A**
**TEMPORARY STAY OF JUDGMENT PENDING APPEAL (Doc. 17)**

I. Introduction

This is a habeas case under 28 U.S.C. § 2241. Petitioner Vitor Kasneci is challenging his detention by the United States Bureau of Immigration and Customs Enforcement ("ICE") pending removal proceedings. Kasneci simultaneously faces criminal charges for the same immigration offenses which form the basis of the removal proceedings. On June 11, 2012, the Court granted Kasneci's petition for writ of habeas corpus and ordered him released from custody (Doc. 6). On August 23, 2012, on reconsideration, the Court reversed its decision and ordered Kasneci surrender himself. See Memorandum and Order Granting Respondents' Motion for Reconsideration (Doc. 14). Kasneci appealed to the Sixth Circuit Court of Appeals. The government immediately

arrested him and returned him to custody. Before the Court is Kasneci's emergency motion for a temporary stay of judgment pending appeal (Doc. 17). The government has responded (Doc. 19). For the reasons that follow, the motion is DENIED.[1]

## II.  Legal Standards

Rule 8(a) of the Federal Rules of Appellate Procedure provides that a motion for stay pending appeal must ordinarily be filed in the district court. In determining whether to grant a stay of a judgment pending appeal, the Court considers four factors: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir. 1991) (citations omitted); see also Baker v. Adams Cnty./Ohio Valley Sch. Bd., 310 F.3d 927, 928 (6th Cir. 2002) ("The court balances the traditional factors governing injunctive relief in ruling on motions to stay pending appeal."). The party seeking a stay must address and provide support for each factor. Griepentrog, 945 F.2d at 154 (citations omitted).

## III.  Analysis

Upon review of the parties' arguments, the Court finds the factors to be considered on a motion to stay weigh in favor of denying Kasneci's motion. The Court analyzes each factor below.

---

[1] The factual background of this case is more fully described in the Order granting the government's motion for reconsideration and will not be repeated here.

A. Likelihood of Success on the Merits

The first factor the Court considers is Kasneci's likelihood of success on the merits if the Court grants a stay. In order to prevail on a motion to stay, "the movant is always required to demonstrate more than the mere 'possibility' of success on the merits." Griepentrog, 945 F.2d at 153 (citing Mason Cnty. Med. Ass'n v. Knebel, 563 F.2d 256, 261 n.4 (6th Cir. 1977)). The probability of success on the merits is inversely proportional to the irreparable injury suffered by the moving party. Id. In other words, the greater amount of irreparable injury that is shown, the less a plaintiff needs to establish a probability of success on the merits. Id.; see also Baker v. Johnson, 310 F.3d 927, 928 (6th Cir. 2002). A plaintiff nonetheless must demonstrate, at a minimum, "serious questions going to the merits." Griepentrog, 945 F.2d at 153 (citing DeLorean, 755 F.2d at 1229).

Kasneci raises two arguments in support of his position that he will likely prevail on the merits. First, he says the Court recognized in the Order that the Sixth Circuit and Supreme Court have never squarely addressed his specific situation. Second, he continues to argue that he was not an arriving alien when he returned from Albania, and, thus, was not subject to mandatory detention.

Considering his first argument, it is apparent that Kasneci misreads the Order. The Court did recognize the Sixth Circuit and Supreme Court have never addressed a situation identical to Kasneci's— where an alien is subject to mandatory detention pending removal proceedings in immigration court but has been granted bond in a pending criminal case. However, Kasneci misunderstands the Court's statement as distinguishing mandatory pre-removal detention under 8 U.S.C. §§ 1225(b)(2)(A) and 1226. The issue of pre-removal detention has been addressed by the court of appeals and Supreme Court, and this case

3

is not one of first impression. Although <u>Demore v. Kim</u> addressed the constitutionality of 8 U.S.C. § 1226, the same analysis is applicable under 8 U.S.C. § 1225(b)(2)(A) because <u>Demore</u> distinguished between *pre*-removal and *post*-removal detention, *not the different bases* giving rise to pre-removal detention. The Court is confident that its application of the law in the Order will be upheld on appeal.

Even if this were a case of first impression, Kasneci has not demonstrated more than a mere possibility of success on the merits. He says the Sixth Circuit and Supreme Court have never considered the constitutionality of 8 U.S.C. § 1225(b)(2)(A). Kasneci, however, has not shown that it is likely the Sixth Circuit and Supreme Court will find 8 U.S.C. § 1225(b)(2)(A) unconstitutional.

The Court does not find it necessary to address Kasneci's second argument because the Order explains in detail why Kasneci was considered an applicant for admission when he returned from Albania. The law is clear. Section 1225(b)(2)(A) applies to Kasneci as an "alien seeking admission" who does not fall under 8 U.S.C. § 1225(b)(1). Thus, Kasneci is an "other" alien seeking admission under 8 U.S.C. § 1225(b)(2)(A).

Accordingly, Kasneci fails to establish more than a mere possibility of success on the merits. This factor weighs against a stay.

### B. Likelihood of Irreparable Harm to Kasneci

The second factor the Court considers is the likelihood of irreparable harm to Kasneci if the Court does not stay the Order. This factor must be considered with the first factor because a higher showing of irreparable harm will excuse a lower showing of the likelihood of success on the merits. <u>Griepentrog</u>, 945 F.2d at 153. Three factors are considered in evaluating the harm that will occur if a stay is not granted: "(1) the

substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided." Id. at 154 (citation omitted). The harm alleged must be irreparable, certain and immediate. Id. (citation omitted).

Kasneci says he will suffer irreparable harm if the Court does not grant a stay because his liberty will be taken from him. The government says Kasneci cannot show how the harm he will suffer is irreparable.

Although Kasneci will be detained pending removal hearings, it is not the type of irreparable harm necessitating a stay. Kasneci will receive expedited removal hearings in immigration court. If he is granted cancellation of removal, he will be released from custody. If his cancellation of removal is not granted, he will be subject to deportation. Either way, Kasneci will receive due process before any action is taken against his immigration status. His current detention is not an irreparable harm, but part of the entire removal process. As such, this factor weighs against a stay.

### C. Harm to Others and Public Interest

The third and fourth factors the Court considers on a motion to stay is the likelihood of harm to others if a stay is issued and the public interest in issuing a stay. Griepentrog, 945 F.2d at 153. These merge together when the government is the opposing party. Nken v. Holder, 556 U.S. 418, 435 (2009). "In considering them, courts must be mindful that the Government's role as the respondent in every removal proceeding does not make the public interest in each individual one negligible, as some courts have concluded." Id. at 435-36 (citations omitted). The public always has an interest in prompt execution of removal orders. Id. at 436.

Kasneci says his family will be harmed if the Court does not issue a stay. He will be unable to earn an income to support his wife and children. The government responds that the public interest is furthered by an even-handed application of the law and the public would be harmed if Kasneci receives preferential treatment.

As the Court discussed in the Order, the law requires Kasneci's mandatory detention. Although the Court opined that the purposes of detention are not furthered by Kasneci's detention, it is mandated by law. Any harm to Kasneci's family due to his detention is outweighed by the public's interest in prompt execution of removal orders and even-handed application of the law. Accordingly, these factors weigh against a stay.

## IV. Conclusion

After considering Kasneci's motion for stay pending appeal, the government's response, and a review of the entire court file, the Court is persuaded that Kasneci's motion for stay pending appeal must be denied.

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: September 10, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 10, 2012, by electronic and/or ordinary mail.

    S/Julie Owens
Case Manager, (313) 234-5160